**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 06a0411n.06
Filed: June 16, 2006

No. 05-5243

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>**Plaintiff-Appellee,** )<br>)<br>v. )<br>)<br>)<br>)<br>DANNY LANE, )<br>)<br>**Defendant-Appellant.** )<br>) | **ON APPEAL** FROM THE<br>UNITED STATES DISTRICT<br>COURT FOR THE MIDDLE<br>DISTRICT OF TENNESSEE<br><br>**O P I N I O N** |

**Before: SUTTON and MCKEAGUE, Circuit Judges, and CALDWELL,*** **District Judge.**

**KAREN K. CALDWELL, District Judge.** Defendant Danny Lane challenges the denial

of his motion to suppress evidence seized pursuant to a search warrant. Lane argues that the warrant

was not supported by probable cause. For the reasons stated below, we AFFIRM the district court's

denial of Lane's motion to suppress.

**I.**

On September 21, 2000, Federal Agent Michael Thompson obtained from a Tennessee state

criminal court judge a warrant to search Lane's residence located at 20 Lock Seven Lane in Smith

County, Tennessee. Agent Thompson and other officers executed the warrant on September 25,

---

*The Honorable Karen K. Caldwell, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

2000 and seized a number of items including methamphetamine and products associated with its manufacture.

Lane was later indicted on federal drug charges and moved the district court to suppress the evidence seized pursuant to the warrant. After an evidentiary hearing, the district court denied the motion, holding that Agent Thompson's affidavit in support of the search warrant established probable cause to issue the warrant. Lane later pleaded guilty to one count of conspiracy to manufacture, distribute and possess with the intent to distribute methamphetamine in violation of 21 U.S.C. § 846 for which he was sentenced to 121 months in prison.

Lane appeals his conviction, arguing that the information contained in Agent Thompson's search warrant affidavit did not establish probable cause supporting the issuance of the warrant.

**II.**

On review, this Court need not reach the validity of the warrant because the search fits comfortably within the *Leon* "good faith" exception. *United States v. Leon*, 468 U.S. 897, 925 (1984). *Leon* stands for the proposition that "[c]ourts should not . . . suppress 'evidence obtained in objectively reasonable reliance on a subsequently invalidated search warrant.'" *United States v. Carpenter*, 360 F.3d 591, 595 (6th Cir. 2004) (en banc)(quoting *Leon*, 468 U.S. at 922). The *Leon* inquiry is limited to the "objectively ascertainable question whether a reasonably well trained officer would have known that the search was illegal despite the magistrate's authorization." *Leon*, 468 U.S. at 922 n. 23.

The *Leon* "good faith" exception is not boundless. Nevertheless, this Court has found it applicable where we have determined that a search warrant "affidavit contained a minimally sufficient nexus between the illegal activity and the place to be searched to support an officer's

good-faith belief in the warrant's validity, even if the information provided [did not] establish probable cause." *United States v. Washington*, 380 F.3d 236, 242 (6ᵗʰ Cir. 2004)(quoting *Carpenter*, 360 F.3d at 596).

In this case, the affidavit provided sufficient information to establish a nexus between the residence located at 20 Lock Seven Lane and a suspected methamphetamine laboratory. In his affidavit, Agent Thompson set forth his knowledge and expertise in the area of illegal drug production and distribution. Agent Thompson also recounted the observations of a deputy sheriff who, on three occasions between September 3 and September 20, 2000, witnessed persons purchasing quantities of matches, lighter fluid, pseudoephedrine, and hydrogen peroxide. In the affidavit Agent Thompson stated that, in his experience, all of these items were precursors to methamphetamine.

Agent Thompson stated that the deputy sheriff had confirmed that the persons purchasing these items drove two different vehicles, one of which was registered to Danny R. Lane at 20 Lock Seven Lane, Smith County, Tennessee and the other of which was registered to Leah Santana at the same address. The affidavit further noted that, on September 20, 2000, Leah Santana had an auto accident near Lock Seven Lane and methamphetamine was found in the car registered to her at 20 Lock Seven Lane.

Finally, the affidavit stated that, some months earlier, a citizen had complained to the county sheriff about strange activity at 20 Lock Seven Lane and a "strong, unknown odor" emanating from the residence which Agent Thompson believed to be consistent with "cooking" methamphetamine.

Thus, Agent Thompson's affidavit contained more than "bare bones" assertions and was not so facially deficient as to not have been reasonably presumed to be valid. A "bare bones" affidavit

is one that cannot reasonably be believed in good faith to constitute probable cause but, rather, simply "states suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge." *United States v. Weaver*, 99 F.3d 1372, 1378 (6th Cir. 1996).  Agent Thompson did not simply cite conclusions. He identified specific facts tying drug activity to the search site.

Whether the search warrant was supported by probable cause may be debatable in this case, but the good faith of the officers conducting the search is not.  Under the facts of this case, the Court finds that the officers acted in good faith in relying on the warrant to support the search. Accordingly, we AFFIRM the district court's denial of Lane's motion to suppress.